UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL NOLAN,

                              Plaintiff,

        v.                                                    Case No. 1:21-cv-922-WMS

WESTERN REGIONAL OFF TRACK BETTING
CORPORATION, RICHARD D. BIANCHI, Individually
and in his capacity as Chairman of the WROTB Board of
Directors, and HENRY WOJTASZEK, Individually and as
President of WROTB,

                              Defendant.

---

WESTERN REGIONAL OFF TRACK
BETTING CORPORATION,

                              Third-Party Plaintiff,

        v.

STEVEN M. COHEN, ESQ.,

                              Third-Party Defendant.

---

## ANSWER WITH COUNTERCLAIM
## AND THIRD-PARTY COMPLAINT

Defendants, Western Regional Off Track Betting Corporation ("WROTB"),

Richard D. Bianchi ("Bianchi"), and Henry Wojtaszek ("Wojtaszek") (collectively,

"Defendants"), by their attorneys, Hodgson Russ LLP, for their Answer to the Complaint of

Plaintiff, Michael Nolan ("Plaintiff"), Counterclaim against Plaintiff, and Third-Party Complaint,

state as follows:

1.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.      Defendants admit the allegations in paragraph 2.

3.      Defendants admit the allegations in paragraph 3.

4.      Defendants admit the allegations in paragraph 4.

5.      Defendants state that paragraph 5 presents legal conclusions to which no response is required, and to the extent that a response is required, Defendants deny the allegations in paragraph 5.

6.      Defendants state that paragraph 6 presents legal conclusions to which no response is required and refers to the referenced Notice of Claim for its true and accurate content.

7.      Defendants admit the allegations in paragraph 7.

8.      With respect to the allegations in paragraph 8, Defendants admit that more than 30 days elapsed between the service of Plaintiff's Notice of Claim and the filing of Plaintiff's Complaint.  Defendants further admit that WROTB refused to pay Plaintiff concerning his claims because they lack merit.

9.      Defendants state that paragraph 9 presents a legal conclusion to which no response is required.

10.      Defendants admit the allegations in paragraph 10.

11.    Defendants state that the allegations in paragraph 11 contain an incomplete recitation of Plaintiff's job duties while employed as Chief Operating Officer ("COO") of WROTB.

12.    Defendants admit the allegations in paragraph 12.

13.    Defendants admit the allegations in paragraph 13.

14.    Defendants admit the allegations in paragraph 14.

15.    Defendants deny the allegations in paragraph 15.

16.    With respect to the allegations in paragraph 16, Defendants admit that Plaintiff was the COO of WROTB at the time his employment was terminated on or about December 18, 2020, and deny the remaining allegations in that paragraph.

17.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.    Defendants deny the allegations in paragraph 19.

20.    With respect to the allegations in paragraph 20, Defendants admit that in February of 2019, former State Senator George Maziarz held a press conference falsely accusing Wojtaszek and WROTB of "illegal" conduct and deny the remaining allegations in that paragraph.

21.    Defendants deny the allegations in paragraph 21.

22.    With respect to the allegations in paragraph 22, Defendants deny knowledge or information sufficient to form a belief as to whether "Plaintiff had significant concerns" and deny the remaining allegations in that paragraph.

23.    Defendants deny the allegations in paragraph 23.

24.    Defendants deny the allegations in paragraph 24 except that Nolan did speak about Board health benefits, and state that Plaintiff instead stated to the WROTB Board that he believed Wojtaszek was the target of too much negative publicity, that the Board should terminate Wojtaszek, and that Plaintiff's FOIL responsibilities were causing him stress and wanted them to be reassigned.

25.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.    With respect to the allegations in paragraph 26, Defendants admit that the WROTB Board permitted Plaintiff to retain outside counsel to provide a second legal opinion regarding the provision of health insurance benefits to Board members and deny the remaining allegations in that paragraph.

27.    With respect to the allegations in paragraph 27, Defendants admit that Plaintiff retained Barclay Damon LLP to provide a second legal opinion regarding the provision of health insurance benefits to Board members and deny the remaining allegations in that paragraph.

28.    With respect to the allegations in paragraph 28, Defendants admit that Barclay Damon LLP opined that WROTB should not provide health insurance benefits to its Board members and deny the remaining allegations in that paragraph.

29.    Defendants deny the allegations in paragraph 29 and state that the practice ceased.

30.    With respect to the allegations in paragraph 30, Defendants admit that Nolan, without authorization and knowledge of the WROTB Board, secretly hired a second attorney, and deny the remaining allegations in that paragraph.

31.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.    Defendants deny the allegations in paragraph 32.

33.    Defendants deny the allegations in paragraph 33.

34.    Defendants deny the allegations in paragraph 34.

35.    Defendants deny the allegations in paragraph 35.

36.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.    Defendants admit that some representatives of WROTB were questioned by authorities and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and affirmatively state, upon information and belief, that WROTB representatives have told authorities that Plaintiff is not honest or trustworthy and believe the same to be true.

39.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.    Defendants deny the allegations in paragraph 42 and state that Plaintiff simply stated that he had hired his lawyer.

43.    Defendants deny the allegations in paragraph 43.

44.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44.

45.    With respect to the allegations in paragraph 45, Defendants deny knowledge or information sufficient to form a belief as to the truth of what "Plaintiff maintained" during "investigations and interviews," and deny the remaining allegations in that paragraph.

46.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and state that Plaintiff told a prominent, well-respected local attorney, who performed an internal investigation for WROTB, that he had no specific knowledge of any illegal activity at WROTB, that he had not uncovered any illegality, and that he did not believe Wojtaszek or Bianchi violated any WROTB internal policies regarding procurement.

47.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and state that Plaintiff told a prominent, well-respected local attorney, who performed an internal investigation for WROTB, that he had no specific knowledge of any illegal activity at WROTB, that he had not uncovered any illegality, and that he did not believe Wojtaszek or Bianchi violated any WROTB internal policies regarding procurement.

48.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.    Defendants deny the allegations in paragraph 49.

50.    Defendants deny the allegations in paragraph 50.

51.    Defendants deny the allegations in paragraph 51.

52.    Defendants deny the allegations in paragraph 52.

53.     With respect to the allegations in paragraph 53, Defendants admit that WROTB hired outside counsel to investigate certain accusations and prepare a report and deny the remaining allegations in that paragraph.

54.     With respect to the allegations in paragraph 54, Defendants admit that Plaintiff was interviewed twice by the outside counsel hired by WROTB to investigate certain accusations and deny the remaining allegations in that paragraph.

55.     With respect to the allegations in paragraph 55, Defendants admit that Plaintiff was one of several people interviewed by the outside counsel hired by WROTB to investigate certain accusations and that the outside counsel prepared a report that contained summaries of those interviews and deny the remaining allegations in that paragraph.

56.     With respect to the allegations in paragraph 56, Defendants admit that WROTB Board members were provided a copy for review of the report prepared by the outside counsel hired by WROTB to investigate certain accusations and deny the remaining allegations in that paragraph.

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59.

60.     Defendants deny the allegations in paragraph 60.

61.     Defendants deny the allegations in paragraph 61.

62.    Defendants deny the allegations in paragraph 62.

63.    Defendants deny the allegations in paragraph 63.

64.    Defendants deny the allegations in paragraph 64.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

## VIOLATION OF FIRST AMENDMENT TO UNITED STATES CONSTITUTION

65.    Defendants repeat their responses to the allegations incorporated by reference in paragraph 65.

66.    With respect to the allegations in paragraph 66, Defendants admit that Plaintiff, as COO, supervised some but not all of the day-to-day operations of WROTB and that the WROTB Board and Wojtaszek were responsible for formulating WROTB policies, and deny the remaining allegations in that paragraph.

67.    Defendants deny the allegations in paragraph 67.

68.    Defendants deny the allegations in paragraph 68.

69.    Defendants deny the allegations in paragraph 69.

70.    Defendants deny the allegations in paragraph 70.

71.    Defendants deny the allegations in paragraph 71.

72.    Defendants deny the allegations in paragraph 72.

9

73.     Defendants deny the allegations in paragraph 73.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT WROTB

## VIOLATION OF CIVIL SERVICE LAW §75-b-(2)(a)

74.     Defendants repeat their responses to the allegations incorporated by reference in paragraph 74.

75.     Defendants deny the allegations in paragraph 75.

76.     Defendants deny the allegations in paragraph 76.

77.     Defendants deny the allegations in paragraph 77.

78.     Defendants deny the allegations in paragraph 78.

79.     Defendants deny the allegations in paragraph 79.

80.     Defendants deny the allegations in paragraph 80.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS BIANCHI AND WOJTASZEK

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

81.     Defendants repeat their responses to the allegations incorporated by reference in paragraph 81.

82.     Defendants state that no response is required to the allegations in paragraph 82 because the Court has dismissed Plaintiff's Third Cause of Action.  To the extent a response is required, Defendants deny the allegations in paragraph 82.

10

83.     Defendants state that no response is required to the allegations in paragraph 83 because the Court has dismissed Plaintiff's Third Cause of Action.  To the extent a response is required, Defendants deny the allegations in paragraph 83.

84.     Defendants state that no response is required to the allegations in paragraph 84 because the Court has dismissed Plaintiff's Third Cause of Action.  To the extent a response is required, Defendants deny the allegations in paragraph 84.

85.     Defendants state that no response is required to the allegations in paragraph 85 because the Court has dismissed Plaintiff's Third Cause of Action.  To the extent a response is required, Defendants deny the allegations in paragraph 85.

86.     Defendants state that no response is required to the allegations in paragraph 86 because the Court has dismissed Plaintiff's Third Cause of Action.  To the extent a response is required, Defendants deny the allegations in paragraph 86.

87.     Defendants state that no response is required to the allegations in paragraph 87 because the Court has dismissed Plaintiff's Third Cause of Action.  To the extent a response is required, Defendants deny the allegations in paragraph 87.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANT WROTB

## INDEMNIFICATION OF AND REIMBURSEMENT FOR ATTORNEY'S FEES

88.     Defendants repeat their responses to the allegations incorporated by reference in paragraph 88.

89.     Defendants admit that Plaintiff was acting withing the scope of his employment with WROTB at all times alleged in his Complaint.

90.     Defendants state that no response is required to the allegations in paragraph 90 because the Court has dismissed Plaintiff's Fourth Cause of Action.  To the extent a response is required, Defendants deny the allegations in paragraph 90.

91.     Defendants state that no response is required to the allegations in paragraph 91 because the Court has dismissed Plaintiff's Fourth Cause of Action.  To the extent a response is required, Defendants deny the allegations in paragraph 91.

92.     Defendants state that no response is required to the allegations in paragraph 92 because the Court has dismissed Plaintiff's Fourth Cause of Action.  To the extent a response is required, Defendants deny the allegations in paragraph 92.

93.     Defendants state that no response is required to the allegations in paragraph 93 because the Court has dismissed Plaintiff's Fourth Cause of Action.  To the extent a response is required, Defendants deny the allegations in paragraph 93.

94.     Defendants state that no response is required to the allegations in paragraph 94 because the Court has dismissed Plaintiff's Fourth Cause of Action.  To the extent a response is required, Defendants deny the allegations in paragraph 94.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**AGAINST DEFENDANT WROTB**

**VIOLATION OF LABOR LAW §740**

95.     Defendants repeat their responses to the allegations incorporated by reference in paragraph 95.

96.     Defendants state that no response is required to the allegations in paragraph 96 because the Court has dismissed Plaintiff's Fifth Cause of Action.  To the extent a response is required, Defendants deny the allegations in paragraph 96.

97.     Defendants state that no response is required to the allegations in paragraph 97 because the Court has dismissed Plaintiff's Fifth Cause of Action.  To the extent a response is required, Defendants deny the allegations in paragraph 97.

98.     Defendants state that no response is required to the allegations in paragraph 98 because the Court has dismissed Plaintiff's Fifth Cause of Action.  To the extent a response is required, Defendants deny the allegations in paragraph 98.

99.     Defendants state that no response is required to the allegations in paragraph 99 because the Court has dismissed Plaintiff's Fifth Cause of Action.  To the extent a response is required, Defendants deny the allegations in paragraph 99.

**GENERAL DENIAL**

100.     Defendants deny all allegations and legal assertions not expressly addressed in the preceding paragraphs of this Answer.

## DEFENSES

Without assuming any burden that does not otherwise exist, Defendants assert the following defenses:

### First Defense

101.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

102.    Some or all Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations or filing periods.

### Third Defense

103.    Plaintiff's claims are barred, in whole or in part, by his failure to serve a Notice of Claim.  Plaintiff is statutorily barred from litigating any allegations, issues, or claims not presented in his Notice of Claim.

### Fourth Defense

104.    The Defendants' conduct at all times was in good faith, without malice, and based upon reasonable grounds.

### Fifth Defense

105.    Plaintiff's claims are barred because he was not speaking as a private citizen on matters of public concern.

**Sixth Defense**

106.    Any employment actions taken by Defendants toward Plaintiff were for legitimate reasons having nothing to do with Plaintiff's alleged protected speech, and were in keeping with policies, procedures, and practices and properly within Defendants' business discretion and judgment.

**Seventh Defense**

107.    At no time did the Defendants take any action toward Plaintiff that it would not have taken toward similarly situated individuals regardless of allegedly engaging in protected speech.

**Eighth Defense**

108.    Plaintiff's actions and/or omissions were the sole proximate cause of his damages, if any.

**Ninth Defense**

109.    Plaintiff's claims against Bianchi and Wojtaszek are barred because Bianchi and Wojtaszek and entitled to qualified immunity.

**Tenth Defense**

110.    Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, unclean hands, and/or ratification based upon his own actions, omissions, and, without limitation, his refusal to comply with reasonable requests by Defendants.

**Eleventh Defense**

111.    Plaintiff's damages, if any, were caused by his own failure to take reasonable actions to avoid and/or mitigate his alleged damages.

**Twelfth Defense**

112.    The Complaint fails to state a claim for declaratory judgment, injunctive relief, compensatory damages, prejudgment interest, liquidated damages, punitive damages, and/or any other item of claimed damages.

**RESERVATION OF RIGHTS**

113.    Defendants reserve the right to assert further defenses that may become known through investigation, discovery, or otherwise.

**COUNTERCLAIM**

Defendant, Western Regional Off Track Betting Corporation ("WROTB"), by and through its attorneys, Hodgson Russ LLP, for its Counterclaim against Plaintiff, Michael Nolan ("Nolan"), states as follows:

**FACTUAL BACKGROUND**

**I.      Nolan's employment with WROTB**

114.    In 2011, WROTB hired Nolan as Executive Vice President of Administration and Operations.

115.    In 2016, the Chief Executive Officer ("CEO") of WROTB was set to retire. Nolan sought the position but a Board majority instead voted to elect Wojtaszek to CEO.

116.    In 2017, the WROTB Board elevated Nolan to Chief Operating Officer ("COO").

## II.    Nolan's Secret "Investigation"

117.    Beginning in late 2018, the local news media began a drumbeat of negative publicity regarding WROTB and Wojtaszek.

118.    In December of 2018, the local news media published a report critical of WROTB's policy of providing health benefits to its Board Members.

119.    WROTB hired an attorney to provide a legal opinion regarding the benefits.

120.    The attorney hired by WROTB prepared an opinion and concluded that an Attorney General's advisory opinion—which had advised that the benefits were not permitted—was either incorrect or, at worst, non-binding, concluding that WROTB could continue to provide benefits.

121.    The attorney's opinion, and yet another critical article, then appeared in the local news media in early 2019.

122.    In February of 2019, former N.Y. State Senator George Maziarz ("Maziarz") held a press conference accusing Wojtaszek and WROTB of illegal conduct regarding the Board health benefits and accused WROTB representatives of improperly distributing suite tickets to professional sporting events, by keeping them for personal use instead of distributing them to clients and high rollers.

123.    Around the same time, Nolan began pushing for WROTB to obtain an additional legal opinion regarding the Board health benefits.  Wojtaszek and the WROTB Board agreed,

with Nolan hiring a Syracuse-based firm.  The attorney's opinion concluded that WROTB should not provide health benefits to its Board Members.

124.    Unbeknownst to both Wojtaszek and the WROTB Board, however, Nolan secretly began a second "investigation."

125.    Nolan and another Board member secretly hired a second attorney (a criminal defense attorney from Albany), on behalf of WROTB to render advice on issues beyond the permissibility of providing health benefits to WROTB Board Members.

126.    Nolan did not seek authorization of the Board, nor did he inform the Board of his actions.

127.    As part of his secret "investigation," Nolan also instructed other WROTB employees to confidentially gather records for him and to tell no one that he had asked them to do so.

128.    Nolan revealed none of his purported "concerns" to the WROTB Board until a Board meeting on March 28, 2019.  But Nolan never revealed to the Board that he was conducting a separate, "secret" investigation.

## III.    The March 28, 2019 WROTB Board meeting

129.    Prior to a March 28, 2019 WROTB Board meeting, Nolan, upon information and belief, had told someone outside of WROTB that he would soon become its CEO.

130.    At the March 28, 2019 meeting, Nolan caught the WROTB Board off-guard by asking for an "executive session" from which Wojtaszek would be excluded.

131.    During that session, Nolan told the Board that Wojtaszek was to blame for all the negative press and advocated for the Board to fire Wojtaszek.

132.    At the meeting, Nolan also told the Board that he soon would be "going to the FBI" about Wojtaszek and Board Chairman Richard Bianchi, whom he also incorrectly suggested could be implicated in unlawful conduct.

133.    With no evidence of any wrongdoing, the Board took no action at the March 28, 2019 meeting.

134.    Shortly after the meeting, the local news media ran a story targeting Wojtaszek and Bianchi, alleging the FBI was investigating the awarding of WROTB contracts for marketing, advertising, lobbying, and accounting.

135.    The WROTB Board then hired a distinguished attorney—Terrence M. Connors—to investigate these allegations and to prepare a report.

136.    Mr. Connors conducted approximately twenty interviews of WROTB officers, Board Members, and employees.

137.    The Board member who had worked with Nolan to conduct a secret "investigation" refused to participate in the interviews with Mr. Connors.

138.    Nolan participated in the interviews.

139.    Nolan stated to Mr. Connors that he had no specific knowledge of any illegal activity at WROTB and that he had not uncovered any illegality there.

140.    Nolan also told Mr. Connors that he did not believe Wojtaszek or Bianchi violated any WROTB internal policies regarding procurement.  Instead, Nolan stated that he believed WROTB's procurement of professional services should be handled more professionally.  He also told Mr. Connors that there was "nothing there" regarding the allegations concerning WROTB's use of suite tickets.

141.    It was Mr. Connors who, months later, uncovered the existence of Nolan's "secret" investigation and the unauthorized hiring of a second attorney, which Nolan had never revealed to the Board.

**IV.    Nolan's Attorney, Steven Cohen, admits he worked with former Senator Maziarz to undermine Wojtaszek**

142.    Upon information and belief, Nolan also hired attorney Steven M. Cohen, Esq. ("Cohen"), on his own behalf in late 2018 or early 2019.

143.    Six months after receiving a summary of his interview with Mr. Connors, Nolan requested significant substantive changes to his statements.  Nolan told Mr. Connors that the original summary was "pretty accurate" but that he wanted to make changes to it as a result of several meetings with his attorneys, including Cohen, who were not present for Nolan's interview.

144.    For example, Nolan asked that his statement be changed to indicate that there were substantial abuses concerning the issuance of special event tickets at WROTB.

20

145.    Nolan later sat for a second interview for which Cohen was present.

146.    During that interview, Cohen admitted to Mr. Connors that he had been friends with Maziarz for decades and that Cohen had provided Maziarz with information from Nolan regarding Wojtaszek and WROTB.

147.    Cohen also told Mr. Connors that it was Cohen's intention to gather negative information on Wojtaszek to be used as an advantage in a separate, unrelated matter involving another one of Cohen's clients who was adverse to Wojtaszek.

148.    Time charges on Cohen's legal invoice to Nolan (which Nolan submitted to WROTB for reimbursement) show multiple conversations between Cohen and Maziarz.  They also show multiple conversations between Nolan and Cohen regarding the news media.

149.    Nolan later admitted that he authorized Cohen to speak to Maziarz about WROTB.

150.    Cohen also admitted that he obtained Nolan's permission to share with Maziarz whatever information he felt was necessary to get information from Maziarz.

151.    Cohen also admitted that he knew Maziarz was working with a particular local news publication to feed negative information to it regarding Wojtaszek.

152.    Cohen also admitted that he knew Maziarz was angry at Wojtaszek after the two had a falling out and that Maziarz had intended to hurt Wojtaszek's reputation.

153.    Cohen also admitted that he knew Maziarz was interested in negative information regarding WROTB to hurt the reputation of Wojtaszek by sharing it with the media.  In exchange, Cohen sought "help" from Maziarz.

154.    Upon information and belief, both Maziarz and Cohen—with Nolan's approval— were feeding negative and misleading stories and information to the local news media to smear Wojtaszek and WROTB.

155.    Nolan then utilized these negative stories as a basis to pressure the WROTB Board to remove Wojtaszek as CEO, so Nolan could replace him.

## FIRST COUNTERCLAIM
### (Breach of Fiduciary Duty and Duties of Loyalty and Confidentiality-
### Asserted by WROTB against Nolan)

156.    WROTB repeats and realleges its responses and allegations in paragraphs 1 through 155.

157.    At all times relevant, Nolan was the COO of WROTB.

158.    As an officer of WROTB, Nolan owed a fiduciary duty and duties of loyalty and confidentiality to WROTB.

159.    Nolan breached his fiduciary duty to WROTB by utilizing company resources without knowledge or approval of the WROTB Board or his supervisors to hire a second attorney and conduct a secret, secondary investigation with the goal of having the Board terminate Wojtaszek as CEO so Nolan could occupy the position.

22

160.    Nolan further breached his fiduciary duties to WROTB by engaging in a coordinated effort with Cohen and Maziarz to publicly embarrass Wojtaszek and harm WROTB by providing confidential and incorrect WROTB information to the news media, which harmed the reputation and community goodwill of WROTB.

161.    Nolan acted in his own interests and to the detriment of WROTB.

162.    Nolan failed to act in WROTB's best interests.

163.    Nolan's conduct directly and proximately caused damage to WROTB.

164.    As a result of Nolan's disloyalty, WROTB is entitled to disgorgement to recover all compensation, salary, and benefits paid to Nolan during the period of disloyalty.

165.    As a result of Nolan's breaches of fiduciary duties, WROTB has suffered damages in an amount to be determined at trial.

## THIRD-PARTY COMPLAINT

Third-Party Plaintiff, Western Regional Off Track Betting Corporation ("WROTB"), by and through its attorneys, Hodgson Russ LLP, for its Third-Party Complaint against Steven M. Cohen, Esq. ("Cohen"), states as follows:

## PARTIES

166.    WROTB is a regional off-track betting corporation headquartered in Batavia, New York and is a "public benefit corporation" established in the 1970s by the New York State Legislature under the New York Racing, Pari-Mutuel Wagering and Breeding Law.

23

167.    Cohen is an individual residing in the Village of Williamsville, County of Erie, and State of New York.

## JURISDICTION AND VENUE

168.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1367(a).

169.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Cohen resides in the Western District of New York.

## FIRST THIRD-PARTY CLAIM
**(Aiding and Abetting Breach of Fiduciary Duty and Duties of Loyalty and Confidentiality - Asserted by WROTB against Cohen)**

170.    WROTB repeats and realleges its responses and allegations in paragraphs 1 through 169.

171.    As set forth above, Nolan breached his fiduciary duty and duties of loyalty and confidentiality to WROTB.

172.    Cohen had actual knowledge that Nolan, his client, was an officer of WROTB and that Nolan owed a fiduciary duty and duties of loyalty and confidentiality to WROTB.

173.    Cohen actively participated in and provided substantial assistance in Nolan's breaches of fiduciary duty and duties of loyalty and confidentiality.

174.    Cohen, in concert with Maziarz and for the benefit of another client, participated in a public smear campaign against Wojtaszek and WROTB in the news media, using Nolan to provide him with confidential WROTB information, and incorrect information, that Cohen shared with the press on his own and/or through Maziarz.

24

175.     Cohen, upon information and belief, encouraged Nolan to take action without the knowledge or approval of the WROTB Board or his supervisors to draw negative public attention toward Wojtazek and WROTB.

176.     Cohen's aiding and abetting Nolan's breaches of fiduciary duty and duties of loyalty and confidentiality has damaged WROTB's reputation and community goodwill and has resulted in financial losses to WROTB in the form of compensation, salary, and benefits paid to a disloyal employee, Nolan.

177.     As a result of Cohen's aiding and abetting Nolan's breaches of fiduciary duty and duties of loyalty and confidentiality, WROTB has suffered damages in an amount to be determined at trial.

## <u>JURY TRIAL DEMAND</u>

Defendants request a jury trial on all issues triable by jury.

**WHEREFORE**, Defendants demand an order and judgment as follows:

a)   Dismissing Plaintiff's Complaint in its entirety, with prejudice;

b)   Awarding Defendants their costs and expenses incurred in this action, including, but not limited to, reasonable attorneys' fees; and

c)   Granting Defendants such other and further relief as the Court deems just and proper.

**WHEREFORE**, Defendant and Third-Party Plaintiff WROTB demands an order and judgment as follows:

a)  Granting WROTB judgment on its Counterclaim against Plaintiff and awarding WROTB damages in an amount to be determined at trial, including disgorgement of the compensation, salary, and benefits that WROTB paid to Plaintiff;

b)  Granting WROTB judgment on its Third-Party Complaint against Cohen and awarding WROTB damages in an amount to be determined at trial;

c)  Awarding WROTB its costs and expenses incurred in this action, including, but not limited to, reasonable attorneys' fees; and

d)  Granting WROTB such other and further relief as the Court deems just and proper.

Dated:  November 27, 2024

**HODGSON RUSS LLP**
*Attorneys for Defendants
and Third-Party Plaintiff*

By: _____
        Aaron M. Saykin
        Matthew K. Parker
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
716.856.4000
*asaykin@hodgsonruss.com*
*mparker@hodgsonruss.com*

65937453v2